UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PATRICK L. JACKSON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABENDROTH & RUSSELL, P.C.,<br><br>Defendant. | Civil Action No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**NATURE OF ACTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other

issue."[1] In fact, in 2014, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

3. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

4. Pertinent here, the validation notice must advise the consumer of his rights to dispute the debt, as well as his rights to request, in writing, that the debt collector "provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.*, § 1692g(a)(5).

5. If the consumer requests, in writing, within thirty days, that the debt collector provide the name and address of the original creditor, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains . . . the name and address of the original creditor" and mails that information to the consumer. *Id.*, § 1692g(b).

6. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, Hernandez v. Williams, Zinman, & Parham, P.C., No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 11-12 (2015), http://www.consumerfinance.gov/reports/fair-debt-collection-practices-act-annual-report-2015/ (last visited April 5, 2016).

of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7. This case centers on the failure of Abendroth and Russell, P.C. ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Iowa consumers, or within five days thereafter.

**PARTIES**

8. Patrick L. Jackson ("Mr. Jackson" or "Plaintiff") is a natural person who at all relevant times resided in Des Moines, Iowa.

9. Mr. Jackson is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Mr. Jackson's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a debt allegedly owed to Capital One Bank (USA), N.A. ("Capital One") (the "Debt").

11. Upon information and good-faith belief, the Debt was acquired from the original creditor for collection by Defendant after default, or Defendant treated the obligation as if it were in default from the time that Defendant acquired it for collection.

12. Mr. Jackson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is a professional corporation with its corporate headquarters in Des Moines, Iowa.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Jackson, as defined by 15 U.S.C. § 1692a(5).

15. At all relevant times, Defendant acted on behalf of, and as an agent of, Capital One, which hired Defendant to collect the Debt from Mr. Jackson.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Mr. Jackson's action occurred in this District, where Mr. Jackson resides in this District, and where Defendant resides, and transacts business, in this District.

## FACTUAL ALLEGATIONS

20. On or about January 19, 2016, Defendant sent a written communication to Mr. Jackson in connection with the collection of the Debt. A true and correct copy of the January 19, 2016 communication to Mr. Jackson is attached hereto as Exhibit A.

21. The January 19, 2016 communication was the first communication Mr. Jackson received from Defendant.

22. Mr. Jackson did not receive any additional communications from Defendant within five days of the January 19, 2016 communication.

23. The January 19, 2016 communication stated that Defendant "represents CAPITAL ONE BANK (USA), N.A. concerning the above matter." *See* Ex. A.

24. The January 19, 2016 communication then stated:

> Unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed by the debt collector.

> If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against the consumer (if applicable) and a copy of such verification or judgment will be mailed to the consumer by the debt collector. *Upon the consumer's request with the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor*.

*Id*. (emphasis added).

25. Defendant's January 19, 2016 communication also stated:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*Id*.

26. The January 19, 2016 communication went on to state:

> You are now in default on this credit transaction. You have a right to correct this default until **February 19, 2016.** If you do so, you may continue with the contract as though you did not default. Your default consists of failure to pay on the above account where credit was extended. Correction of the default: *To correct the default you must pay **$15,758.62** on or before **February 19, 2016***. If you do not correct your default by the date stated above, your creditor may exercise rights against you under the law. If you default again in the next year, your creditor may exercise its rights without sending you another notice like this one.

*Id*. (emphasis added).

27. By demanding payment by February 19, 2016, Defendant's January 19, 2016 communication overshadows statutorily-mandated disclosures that Defendant was required to provide to Mr. Jackson.

28. That is, within the same 30-day period after its issuance of the January 19, 2016 communication, Defendant both notified Mr. Jackson that he may dispute the validity of his alleged Debt or request the name and address of the original creditor, and simultaneously demanded payment of the alleged Debt, in full, "[t]o correct the default." *Id*.

29. Defendant's January 19, 2016 communication thus overshadowed and contradicted the statutorily-mandated validation window for Mr. Jackson to dispute the alleged Debt or request

the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b). *See, e.g.*, *McCafferty v. Schwartzkopf Law Office*, No. 10-1401, 2011 WL 4916382, at *3 (E.D. Mo. Oct. 17, 2011) (holding that a letter that demanded payment in full "within thirty (30) days of the date of this letter" overshadowed a validation notice later in the letter stating that the plaintiff could dispute the debt "within thirty (30) days of receipt of this letter," and finding that an unsophisticated consumer receiving the letter would be confused about his rights because the window of time to respond to the demand for payment expired before the window of time for the recipient to dispute the debt).

30. Defendant's January 19, 2016 communication also violated 15 U.S.C. § 1692g(a)(5) by failing to inform Mr. Jackson that Defendant need only provide him the name and address of his original creditor, if different from the current creditor, if he notified Defendant of such request *in writing*.

31. That is, under 15 U.S.C. § 1692g(a)(5), a debt collector need only provide the name and address of the original creditor if requested to do so by a consumer *in writing* within the thirty-day period.

32. By failing to advise Mr. Jackson that upon his *written* request within the thirty-day period, Defendant would provide him with the name and address of the original creditor, if different from the current creditor, Defendant failed to make the disclosures mandated by the FDCPA. *See, e.g.*, *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011) ("The plaintiffs have stated a plausible claim based on the defendant's failure to state in the letter that a request under subsections 1692g(a)(4) and (a)(5) had to be in writing.").

33. Defendant's misstatement of the rights afforded by the FDCPA would cause an unsophisticated consumer to understand, incorrectly, that the requirement to provide the name and

address of the consumer's original creditor would be triggered by an oral request, or by means other than in writing. Such a misunderstanding could lead an unsophisticated consumer to waive or otherwise not properly vindicate his rights under the FDCPA.

34. Indeed, failing to request the name and address of the original creditor *in writing* would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with the name and address of the original creditor, as requested.

35. Upon information and good-faith belief, Defendant's January 19, 2016 communication is based on a form template used by Defendant, on behalf of Capital One, to collect consumer debts in default.

**CLASS ACTION ALLEGATIONS**

36. Mr. Jackson brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with an Iowa address, (b) to whom Abendroth and Russell, P.C. mailed an initial debt collection communication that (1) stated "[u]pon the consumer's request with the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," and/or (2) demanded payment on the debt within 30 days of the date of the communication, (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Mr. Jackson at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses

of all members of the proposed class can be identified in business records maintained by Defendant.

38. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, the claims of Mr. Jackson and all of the members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and he possesses the same interests and has suffered the same injuries as each member of the proposed class.

39. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Mr. Jackson has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

41. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

a. Defendant's violations of the FDCPA as alleged herein;

b. Defendant's initial debt collection letter having overshadowed and contradicted the mandated validation window under 15 U.S.C. § 1692g;

c. Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g(a)(5);

d. the existence of Defendant's identical conduct particular to the matters at issue;

e. the availability of statutory penalties; and

f. the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)**

43. Mr. Jackson repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42.

44. The FDCPA at 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor*.

(emphasis added).

45. Defendant's January 19, 2016 communication was its initial communication to Mr. Jackson.

46. The January 19, 2016 communication was in connection with an attempt to collect the Debt from Mr. Jackson.

47. The January 19, 2016 letter demanded payment of the Debt in full by February 19, 2016 to cure the alleged default. Since Defendant's letter was mailed January 19, 2016 but necessarily was not received until at least one day later (if not several days later) due to postage time, by demanding payment before the closure of the statutorily-mandated validation window, Defendant's January 19, 2016 communication overshadowed and/or was inconsistent with the disclosure of Mr. Jackson's right to dispute the Debt or to request the name and address of the original creditor. *See Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1067 (D. Minn. 2008).

48. As a result, Defendant violated 15 U.S.C. § 1692g(b).

**COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5)**

49. Mr. Jackson repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42.

50. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> * * *
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

51. The FDCPA at 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the

> name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

52. Defendant's January 19, 2016 communication was its initial communication to Mr. Jackson.

53. The January 19, 2016 communication was in connection with an attempt to collect the Debt from Mr. Jackson.

54. The January 19, 2016 communication did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendant provide such disclosures within five days thereafter.

55. Specifically, the January 19, 2016 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Mr. Jackson that Defendant need only provide him the name and address of his original creditor, if different from the current creditor, if he notified Defendant of his request *in writing*. *See Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002).

56. As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(b) and 1692g(a)(5);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Enjoining Defendant from future violations of §§ 1692g(b) and 1692g(a)(5) with respect to Plaintiff and the class;

E. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

DATED: April 15, 2016

Respectfully submitted,

*/s/ JD Haas*
JD Haas, AT0003014
JD Haas & Associates, PLLC
9801 Dupont Avenue South, Suite 430
Bloomington, MN 55431
Tel: (952) 345-1025
Fax: (952) 854-1665
jdhaas@jdhaas.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC

5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

* to seek admission *pro hac vice*